```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


RODNEY COATS,                    §
TDCJ-CID NO. 1578362,            §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-10-0226
                                 §
BRAD LIVINGSTON, et al.,         §
                                 §
          Defendants.            §
```

**MEMORANDUM OPINION AND ORDER**

Rodney Coats, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against the TDCJ-CID claiming that he is illegally confined. He has also alleged that TDCJ-CID officials used excessive force against him. The court will dismiss the confinement claim as frivolous and will retain the use-of-excessive-force claim for further evaluation after Coats provides more information.

Coats states that he was due to be released on September 23, 2008, after completing a two-year sentence imposed in Nueces County, Texas. (Docket Entry No. 1, at 7) He alleges that he did not receive full credit for time served and was held 34 days beyond his release date. He seeks declaratory and monetary relief for the time he was wrongly incarcerated and for the mental anguish he has suffered. Id. Coats' TDCJ-CID record reflects that he is

currently serving time in prison for failure to comply with sex offender registration requirements, aggravated assault with a deadly weapon, and failure to register as a sex offender. Coats' projected release date is April 12, 2012. TDCJ-CID Website, http://168.51.178.33/webapp/TDCJ/index2.htm. Coats names TDCJ Director Brad Livingston and Estelle High Security Unit Warden T. Hunt as defendants to his wrongful confinement claim.

In a separate claim Coats alleges that Sergeant Robert Grooms and Sergeant Jones[1] sprayed him with chemical agents on October 1, 2008. He claims that the sergeants assaulted him with the chemicals because he continued to insist that he was being illegally held. Coats alleges that he is asthmatic and that the sergeants were aware of his condition when they used the chemicals against him.

## II. Analysis

When an inmate files a civil rights complaint that challenges the legality of his confinement he must show that the conviction has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. See Heck v. Humphrey, 114

---

[1] Coats does not give Sergeant Jones' first name in his pleadings. Coats is advised to include Jones' first name in his response to this Order if at all possible. Otherwise, Coats must give other information, such as Jones' shift assignment or a physical description that will help identify Sergeant Jones. See Murphy v. Kellar, 950 F.2d 290, 293 (5th Cir. 1992); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

S.Ct. 2364, 2372 (1994). Challenges regarding denial of time credit are subject to Heck's requirement. Rooding v. Peters, 92 F.3d 578, 580-81 (7th Cir. 1996). See also Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997).

Coats alleges that TDCJ-CID has wrongly denied him credit for time served, but he does not demonstrate that the decision regarding his time credit has been overturned by judicial action or a decision by an appropriate tribunal. Because the remedy he seeks is a termination of his sentence, he must file a habeas petition. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing, Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

Coats has not alleged that he has sought relief in the state courts as is required by 28 U.S.C. § 2254 before filing a federal habeas petition. Nor is there any record of a post-conviction challenge being filed with the Texas Court of Criminal Appeals. See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. This claim is therefore frivolous because it lacks an arguable basis in law and will be dismissed without prejudice to refiling when Coats is able to comply with the Heck requirements. Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Clarke, 154 F.3d at 191.

Coats has also asserted that two TDCJ-CID officials used excessive force against him. In order to better understand the

-3-

nature of this claim, the court will order Coats to provide more specific information regarding the alleged assault by answering the questions included in the following section.  <u>See</u> <u>Brewster v. Dretke</u>, 587 F.3d 764, 767-68 (5th Cir. 2009).

### III.  <u>Order for More Definite Statement</u>

So that the court can properly evaluate the merits of the remaining use-of-excessive-force claim, Coats is **ORDERED** to submit a more definite statement of the facts involved in this action. You are **ORDERED** to keep your responses brief and coherent.  Label your response "Plaintiff's More Definite Statement."

(1)  Give the full names and the alleged <u>personal</u> <u>involvement</u> of each defendant in the use of chemicals that resulted in a violation of your rights.  Be specific as to each defendant's <u>personal</u> involvement.

(2)  If you cannot provide full names of the defendants (Sergeant Jones is not a full name), give other information that will help identify each defendant such as a physical description, shift assignment, known nicknames, etc.

(3)  Describe specific facts regarding the October 1, 2008, use-of-force incident in which the defendants used chemicals against you.

(4)  Did you file any grievances concerning the use-of-force claim raised in this lawsuit?

(5)  If not, explain.

(6)   If so, state when you filed your grievances, and state the outcome and the date of the outcome.  If you have copies of the grievances, you are **ORDERED** to submit them to the court with the response to this questionnaire.

(7)   Regarding the use of excessive force alleged in your complaint, state in detail <u>why</u> you were assaulted and <u>how</u> you were assaulted.

(8)   Fully describe the situation immediately before the use of excessive force occurred.  When and where did the assault occur?

(9)   Did you say anything or make any moves immediately before you were assaulted by the defendants?  If so, give details.

(10)  Did you do anything that either sergeant may have thought was a verbal threat or a threatening move, however wrong he might have been?  If so, give details.

(11)  Describe all your injuries in detail.

(12)  What medical treatment have you received for your injuries to date?

(13)  On what dates did you receive medical treatment?

(14)  For each occasion that you received medical treatment state who (name and title) rendered the treatment.

(15)  Were you hospitalized?  If so, for how long?  What medication were you given for your injuries?

(16)  What is your medical condition now?

(17)  Were you charged with an offense or a TDCJ-CID prison disciplinary violation arising out of the use of force?  If so,

give full details, including offense charged, whether you were found guilty or not guilty, and the punishment or sentence assessed, if any. State whether you lost any good time as a result of a disciplinary proceeding arising out of the incident.

(18) If you were convicted of an offense or a disciplinary violation as a result of the incident, state whether you filed an appeal or post-conviction challenge and give the status of the appeal or challenge.

(19) Are you claiming that you were wrongly convicted of an offense or disciplinary violation and lost good time as a result of the use of force? If so, explain how you believe that you were wrongly disciplined or convicted.

(20) Has a state or federal court ever ordered you to pay a fine or sanction? If so, attach copies of all such orders or, for each such order, explain which court and what fine or sanction was imposed. Also, for each such order state whether you have paid the fine or complied with the other sanction imposed and explain when and how you paid the fine or otherwise complied.

(21) Has any state or federal court ever issued an order barring you from filing any other lawsuits until certain conditions were met, such as judicial approval or payment of a fine or sanction? If so, attach copies of all such orders or, for each such order, explain which court and what condition was imposed. Also, for each such order state whether the condition was met and explain when and how you met the condition or otherwise complied.

Attach copies of any order of a judge approving of the filing of this lawsuit.

(22)  Have any of your lawsuits been dismissed as frivolous, malicious, duplicative, successive repetitive, or for failure to state a claim upon which relief may be granted, including, but not limited to, cases dismissed under 28 U.S.C. § 1915?  If so, attach copies of all such orders of dismissal or, for each such lawsuit, explain which lawsuit(s), which court, and what kind of dismissal.

(23)  List all the lawsuits, of any nature, you have ever filed in state and federal court, including the case number, full case name (including all parties), type of case, and the outcome.

(24)  What is your social security number (if you have had or used more than one, list all of them) and your date of birth?

(25)  State, in complete form, all names you have ever used or been known by, including any and all aliases.  Separately list any and all names you have used for any lawsuits you have ever filed.

(26)  List all TDCJ-ID identification numbers you have ever been assigned and all other jail and state or federal prison numbers ever assigned to you (for example, county jail SPN numbers, federal prison register numbers, etc.).  For all numbers listed, identify the particular institution that assigned the number.

Plaintiff is **ORDERED** to submit the responses by copying each question as posed by the court and writing the answer under each question, in numbered paragraphs corresponding to each question.

Plaintiff must also include in his answer the following affirmation: "I swear under penalty of perjury that these answers are true and correct to the best of my knowledge."

Plaintiff is further **ORDERED** to respond for more definite statement by submitting his written answers to the Clerk within thirty (30) days of entry of this Memorandum Opinion and Order. The Clerk will not issue summons until plaintiff's supplemental statement is evaluated by the court. <u>Failure to comply as directed may result in the dismissal of this action</u>.

### IV.  Conclusion

The court **ORDERS** the following:

1. The claim of illegal confinement based on denial of credit is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The claim of use of excessive force is **RETAINED** for further analysis before ordering the defendants to file a response.

3. Defendants Brad Livingston and T. Hunt are **DISMISSED.**

4. Defendant Sergeants Robert Grooms and Jones are **RETAINED.**

5. Coats shall file a response to the Order for More Definite Statement in compliance with the provisions of this Memorandum Order and Opinion within thirty (30) days. <u>Failure to comply as directed may result in the dismissal of this action</u>.

**SIGNED** at Houston, Texas, on this 3rd day of February, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-8-